UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GEORGE HAAS AND ELAINE HAAS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-9482** |
| **LIBERTY MUTUAL FIRE INSURANCE COMPANY AND HIBERNIA INSURANCE AGENCY L.L.C.** | **SECTION B(5)** |

### ORDER AND REASONS

Before the Court is Plaintiffs' Motion To Remand. (Rec. Doc. No. 6). After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Plaintiffs' Motion to Remand is **GRANTED.**

### *BACKGROUND*

On or about August 29, 2005, Plaintiffs sustained significant damage to their residence located at 7301 Lake Barington Drive, New Orleans, Louisiana as a result of Hurricane Katrina. Plaintiffs' relevant Liberty Mutual Fire Insurance Company ("Liberty") Policy was effective on August 29, 2005.

On August 25, 2006 Plaintiff filed suit against Defendants, Liberty and Hibernia Insurance Agency, L.L.C. ("Hibernia") in the Civil District Court for the Parish of Orleans. Plaintiffs asserted claims of breach of contract, negligence, breach of fiduciary duty and bad faith against Defendants. Defendants removed the matter to federal court claiming federal subject matter exists pursuant to diversity of citizenship jurisdiction.

Defendants contend diversity of citizenship jurisdiction exists as the amount in controversy

exceeds $75,000.00 and complete diversity exists between proper parties. Defendants argue Hibernia was improperly joined. Plaintiffs contend Hibernia was properly joined as a defendant, therefore, diversity of citizenship is destroyed. Therefore, Plaintiffs claim this Court lacks jurisdiction and moves the Court to remand.

## *DISCUSSION*

**A.    Improper Joinder**

Civil actions may be removed from state court when the United States district courts have original jurisdiction. 28 U.S.C. § 1441(a). However, when original jurisdiction is not founded on a claim "arising under the Constitution, treaties or laws of the United States," the action is removable "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought." 28 U.S.C. § 1441(b). All of the requirements of diversity jurisdiction contained in 28 U.S.C. § 1332 must be satisfied to remove a case based on diversity. *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 572 (5th Cir. 2004).

An analysis of whether an in-state defendant is properly joined must focus on the joinder, "not the merits of the plaintiff's case." *Id.* at 573. The test for fraudulent joinder is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id* at 573. A court may conduct a "Rule 12(b)(6)-type analysis" to determine whether a plaintiff has a reasonable basis for recovery. *Id.* "In that respect, it is well settled that 'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Laroquette v. Cardinal Health 200, Inc.*,

2006 WL 2807024 (5th Cir. 2006)(citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  Any doubt as to federal jurisdiction should be resolved in favor of remand.  *Manguno v. Prudential Property Casualty Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

Liberty argues Plaintiffs failed to state a viable claim against Hibernia.  "Pleadings are to be construed to do substantial justice."  *Hill v. North-central Area Vocational School*, 310 So.2d 104 (La. 1975) (citing La. Code Civ. Proc. art. 854).[1]  A petition is only required to state material facts upon which a cause of action is based.  *Id.* (citing La. Code Civ. Proc. art. 891).  Louisiana recognizes an agent's duty to procure requested insurance.  *Karam v. St. Paul Fire & Marine Ins. co., 281 So.2d 728 (La. 1973).*  Further, Louisiana courts acknowledge that an "agent's duty to his client can be greater than merely the procuring of requested insurance, depending on what services the agent holds himself out as performing and on the specific relationship and agreements between the particular agent and client."  *Southern Athletic Club, L.L.C. v. Hanover Insurance Co.*, 2006 WL 2583406 (E.D.La. 2006) (quoting *Graves v. State Farm Mut. Auto Ins. Co.*, 821 So.2d 769, 773 (La. App. 3 Cir. 6/26/02)).

Plaintiffs claim Hibernia breached its fiduciary duties by failing to procure requested insurance and failing to render advice regarding coverage.  Plaintiffs allege that they retained Hibernia to provide advice, that Hibernia assured them that their coverage was adequate and that they relied upon Hibernia when it represented that Plaintiffs' Louisiana-based interests were adequately insured.  In short, Plaintiffs asserted claims recognized under Louisiana law.  As such, Plaintiffs may  prove a set of facts in support of claims entitling it to relief.  Therefore, the Court finds that Plaintiffs stated viable claims against Defendants.  Thus, Hibernia was not improperly

---

[1] Plaintiff filed the Petition in state court.  Accordingly, this Court will apply the applicable Louisiana law to interpret the allegations of Plaintiff's petition.

joined.

**B.     Fraudulent Misjoinder**

Liberty also claims that Hibernia was fraudulently misjoined because the claims against it are unrelated to the claims against Hibernia.  In *Tapscott v. M.S. Dealer Services Corp.*, 77 F.3d 1353 (11th Cir. 1966), the court held that only "egregious" misjoinders allow a court to ignore the citizenship of a non-diverse defendant.  However, joinder of claims against an insurer and an insurance agent are not uncommon and are allowed.  *See, e.g., Ferguson v. Security Life of Denver Ins. Co.*, 996 F. Supp. 597 (N.D. Tex. 1998).  In the present case, all of Plaintiffs' claims against Defendants arise from the same transactions or series of transactions, namely, the procurement of the insurance policy at issue and all subsequent dealings with Hibernia relating to the extent of Plaintiffs' coverage.  Liberty argues that Plaintiffs' claims are wholly unrelated because its claims against Liberty allege a failure to pay while their claims against Hibernia allege a failure to procure adequate coverage.  The Court finds this reasoning to be unpersuasive.  Therefore, Defendants were not fraudulently "misjoined."  Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion To Remand is **GRANTED**.

New Orleans, Louisiana this 30th day of March, 2007.

_____
UNITED STATES DISTRICT JUDGE